IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-34,894-03






EX PARTE BILLY RANDALL GIRTZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 21869 IN THE 42ND DISTRICT COURT


FROM TAYLOR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of forgery,
enhanced, and sentenced to three (3) years' imprisonment. He did not appeal his conviction. 

 Applicant contends that his plea was involuntary or that the plea agreement was breached
because he was promised that if he pleaded guilty to a second-degree felony offense, he would be
eligible for release sooner and would serve his sentence under better prison conditions than if he
pleaded guilty to a state jail felony. Specifically, he asserts that he received alternative plea offers:
(1) plead guilty to a state jail felony and receive a sentence of eighteen (18) months; or (2) plead
guilty to a second-degree felony and receive a sentence of three (3) years. Applicant urges that he
chose to plead guilty to a second-degree felony and receive a three-year sentence because he was
promised that he would accrue good time against his sentence, such that he would be immediately
eligible for parole release and would discharge his sentence sooner than if he were serving an
eighteen-month sentence for a state jail felony, and that the conditions in a Correctional Institutions
Division facility would be less violent than the conditions in a state jail facility. Applicant contends
that he would have pleaded guilty to the state jail felony and received the less severe sentence, had
he known that he would have to serve his sentence for the second-degree felony in a state jail facility
where he has been denied the opportunity to accrue good time. Applicant has alleged facts that, if
true, might entitle him to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke,
13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is
the appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether applicant is indigent. If
applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law in regard to applicant's
claim that his plea was involuntary or that the plea agreement was breached. See Ex parte
Moussazadeh, 64 S.W.3d 404 (Tex. Crim. App. 2001); Ex parte Morrow, 952 S.W.2d 530 (Tex.
Crim. App. 1997). The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within ninety (90) days of this order. If any continuances are granted, a copy
of the order granting the continuance shall be sent to this Court. A supplemental transcript
containing all affidavits and interrogatories or the transcription of the court reporter's notes from any
hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of
law, shall be returned to this Court within one hundred twenty (120) days of the date of this order. 
Any extensions of time shall be obtained from this Court. 




Filed: June 28, 2006

Do not publish